**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**ALFREDO RAMOS DUBON,**

*Petitioner*,

v. Case No. 2:26-cv-03416-BCL-atc

**CHRISTOPHER BULLOCK,** New Orleans Field Office Director of Immigration and Customs Enforcement; Enforcement and Removal Operations.

*Respondent*.

---

**ORDER REQUIRING FURTHER RESPONSE**

---

Petitioner Alfredo Ramos Dubon has filed a Petition for Writ of Habeas Corpus, by which he challenges his immigration detention. Doc 1. This Court ordered a response from Respondent and further provided a window for Petitioner to file a reply to that response. Doc. 4. Respondent argues that Petitioner has not exhausted administrative remedies, Doc. 10. at 2-4, and Petitioner has now replied. Doc. 11. This Order addresses the two most immediately salient issues presented by the Parties' filings.

**A.** In his Reply, Petitioner argues that there is no need for exhaustion with respect to the Government's "total failure to issue a Form I-286 Custody Determination," which Petitioner claims "deprives [him] of the procedural gateway required to seek redetermination." Doc. 11 at 5. This argument rests on the facts that: (1) 8 C.F.R. § 287.3(d) presumptively requires a custody "determination … within 48 hours of arrest" (unless there is an emergency in which the determination must be made "within an additional reasonable period of time"); and (2) 8 C.F.R. 1003.19(a) and (b) refer to "redetermination" of custody. Doc. 11 at 5-6.

Petitioner's argument fails for two independently sufficient reasons. First, at Step One, 8 C.F.R. § 287.3 by its plain terms applies to "[a]n alien arrested without a warrant." It therefore has no application here, because Defendant was subject to a warrant authorizing custody. Doc. 10-3 at 1. Second, even if that were not true, at Step two Petitioner makes too much of 8 C.F.R. 1003.19's reference to "redetermination" of custody. Nothing in that provision makes an earlier, formal custody determination a jurisdictional prerequisite to a bond hearing; put another way, the provision would naturally allow for "redetermination" of a de facto custody determination reflected by an alien's custody even in the absence of a warrant or bond determination or some other formal triggering of detention. It would be passing strange to turn a procedural default by DHS into a ticket to bypassing the entire administrative process when Immigration Courts examining a bond request would be conducting the same analysis as they would conduct in "redetermining" an earlier, formal bond determination, which all agree they have authority to do. The Court will not impose that odd result in the absence of clear language making a formal DHS bond determination a jurisdictional prerequisite to a bond hearing in Immigration Court. *Cf. Boechler, P.C. v. Comm'r of Internal Revenue,* 596 U.S. 199, 203 (2022) ("[W]e treat a procedural requirement as jurisdictional only if Congress 'clearly states' that it is.").[1]

As a result, there is no basis for ordering Petitioner's immediate release based on the purported lack of a Form I-286, and the purported lack of Form I-286 does not obviate the prudential exhaustion doctrine (assuming it otherwise applies).[2]

---

[1] Petitioner regularly intones, without explanation, *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). That case held only that the Attorney General could not dictate the result of an immigrant's appeal to the BIA so long as governing, valid regulations required the BIA to adjudicate the appeal in an exercise of its own best judgment as one part of the appeal process. Whatever the merit of that holding, it has no application here where there is no indication that any official or body has jumped the procedural queue in an attempt to dictate the result of Petitioner's bond proceedings.

[2] Petitioner invokes *Mathews v. Eldridge*, 424 U.S. 319 (1976), in arguing for immediate release. Petitioner's argument misunderstands *Mathews*: That case invented an open-ended loose, and functionalist test for determining

**B.** Still, there remains the issue of whether exhaustion is actually available to Petitioner. Petitioner was scheduled for a bond hearing in the Memphis Immigration Court on October 29, the same day Respondent filed his response to the Petition. Doc. 10. Petitioner recounts, without contradiction, that Respondent did not make Petitioner available for the bond hearing and that the Immigration Court refused to decide the bond issue because Respondent has transferred Petitioner to Louisiana. Doc. 9. And Petitioner has attached to his Reply an order in which the Memphis Immigration Court vacated the bond hearing for "lack of jurisdiction" due to Petitioner's transfer. Doc. 11-1.

While the Court finds Petitioner's overheated and unsupported aspersions of intentional misconduct unhelpful, the bottom line is that the prudential exhaustion doctrine—Respondent's sole basis for opposing the Petition—can apply only if Petitioner has a meaningful opportunity to exhaust. Here, that would at minimum require a bond hearing subject to *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), which Respondent has already agreed controls here. Doc. 10 at 1-2 (noting that this Court retains jurisdiction and that *Lopez-Campos* controls).

Therefore, to honor both the prudential exhaustion doctrine and its limits, Respondent **SHALL** file by November 6, 2026, a statement concerning (1) whether Respondent concedes that Petitioner may still obtain an individualized bond hearing before an immigration court subject to *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), such that administrative exhaustion remains viable, and if so, (2) how Petitioner may do so, and (3) if administrative exhaustion is not reasonably viable, why immediate release would not be the appropriate remedy. While Respondent may include other arguments, the filing **SHALL NOT** exceed five pages. Petitioner **MAY** reply

---

what *procedures* amount to due process; is not a tool for imposing substantive remedies like the immediate release sought by Petitioner.

by November 11 if he wishes; any such reply **SHALL NOT** exceed five pages. If Petitioner does not intend to Reply, he **SHALL** file a notice to that effect as soon as possible.

**IT IS SO ORDERED**, this 4th day of November, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE