**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**ALFREDO RAMOS DUBON,**

*Petitioner*,

v. Case No. 2:26-cv-03416-BCL-atc

**CHRISTOPHER BULLOCK,** New Orleans Field Office Director of Immigration and Customs Enforcement; Enforcement and Removal Operations.

*Respondent*.

---

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS TO THE EXTENT OF REQUIRING BOND HEARING**

---

Petitioner Alfredo Ramos Dubon has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, by which he challenges his detention pending immigration removal proceedings. Doc 1. In the Petition, Petitioner asserted three sloppily defined claims, which appear to boil down to complaints about two actions or inactions on the part of Government:

1. That Petitioner's detention is invalid because the Government did not issue a Form I-286 prior to detention, purportedly precluding Petitioner from seeking a bond determination in Immigration Court. Doc. 1 at 2, 7-8. The Court has already rejected this argument, which—without more, such as a refusal of the Immigration Court and Board of Immigration Appeals to adjudicate a motion for bond—amounts to an effort to manufacture a purported roadblock to administrative review. Doc. 12 at 1-2.

2. That Petitioner is entitled to an individualized bond hearing, as a matter of statute, binding precedent, and the Fifth Amendment's Due Process Clause. Doc. 1 at 7-8.

This Order concerns the second issue. In opposing Petitioner's claim, the Government argued that—and only that—Petitioner failed to exhaust his administrative remedies by seeking a bond determination (and if necessary, review) before immigration authorities, as the Sixth Circuit

has held the immigration authorities must provide. Doc. 10 at 2-4; *see Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). Petitioner replied, without contradiction, that Respondent has moved him to Louisiana and that the Memphis Immigration Court declined to adjudicate his bond hearing on that basis.

Recognizing that an administrative remedy can be exhausted only if it is available, the Court ordered the Parties to respond to the following questions: (1) whether Respondent concedes that Petitioner may still obtain an individualized bond hearing before an immigration court subject to *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), such that administrative exhaustion remains viable, and if so, (2) how Petitioner may do so, and (3) if administrative exhaustion is not reasonably viable, why immediate release would not be the appropriate remedy. Doc. 12 at 3. The Government has responded that he "concedes that Petitioner may still obtain an individualized bond hearing before an immigration court subject to *Lopez-Campos*" and that it will provide such a bond hearing if ordered. Doc. 13. Latching onto the last sentence of the Government's response, Petitioner argues that there is no administrative remedy available because the Government did not agree to apply *Lopez-Campos* without a court order. But Petitioner earlier sought a judicial order compelling a hearing subject to *Lopez-Campos*, which only confirms that the need for a judicial order does not somehow obviate the possibility of administrative review (and thus exhaustion).

The key point is that the Government has explicitly confirmed that there remains an administrative remedy here—specifically, a bond hearing subject to *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). The administrative remedy remains available, and thus so too does the possibility of exhaustion. Therefore, the Government is **ORDERED** to either: (1) provide Petitioner with a bond hearing subject to *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), within ten days, so that he may exhaust his administrative remedies (including later appellate

review within the administrative system, subject to *Lopez-Campos*), or (2) release him from custody.

## CONCLUSION

For the foregoing reasons, the Petition is **GRANTED** to this limited extent**:** The Government is **ORDERED** to either: (1) provide Petitioner with a bond hearing subject to *Lopez-Campos v. Raycra*ft, 175 F.4th 713 (6th Cir. 2026), within ten days, so that he may exhaust his administrative remedies (including later appellate review within the administrative system, subject to *Lopez-Campos*), or (2) release him from custody. The Clerk **SHALL** close this case.

**IT IS SO ORDERED**, this 19th day of November, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE